**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RUSSELL CROWE, et al., ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | Case No. CIV-04-1027-M |
| ) | |
| LUCENT TECHNOLOGIES INC. PENSION ) | |
| PLAN, and AVAYA INC. PENSION PLAN, a ) | |
| successor to the Lucent Technologies Inc. Pension ) | |
| Plan, ) | |
| Defendants. ) | |

**ORDER**

Before the Court are the parties' cross-briefs on the appropriate standard of review and the propriety of expanding the administrative record in this action arising under the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1000 *et seq.*[1]

I.   INTRODUCTION

Plaintiffs, former employees of Avaya Inc. and Lucent Technologies, Inc., have brought the instant action pursuant to ERISA seeking benefits under the Avaya Inc. Pension Plan, a successor to the Lucent Technologies, Inc. Pension Plan (hereinafter collectively referred to as the "Plan"). According to the Complaint, Plaintiffs made claims for service pension benefits under the Plan which were denied. Plaintiffs appealed said denials, and upon administrative appellate review, the denials were affirmed.

During the status conference held on September 6, 2005, Plaintiffs argued that the Court should not use the arbitrary and capricious standard when reviewing the denials at issue, and that

---

[1] Plaintiffs also ask the Court to permit discovery outside of the administrative record on the issue of whether class certification is appropriate. The Court finds that the issue of class certification is not before the Court. The Court will consider Plaintiff's request through a properly filed motion.

they should be allowed to conduct discovery beyond the administrative record. The Court ordered the parties to brief the issue of the appropriate standard of review and scope of discovery.

II.     DISCUSSION

    A.     Standard of Review

"A court reviewing a challenge to a denial of employee benefits under 29 U.S.C. § 1132(a)(1)(B) applies an 'arbitrary and capricious' standard to a plan administrator's actions if the plan grants the administrator discretionary authority to determine eligibility for benefits or to construe the plan's terms." *Charter Canyon Treatment Ctr. v. Pool Co.*, 153 F.3d 1132, 1135 (10th Cir. 1998) (internal citations omitted). Plaintiffs acknowledge that the Plan does grant the administrator discretion to interpret it but assert that this case is about the actual terms of the Plan rather than their interpretation.

In the Amended Complaint, Plaintiffs refer to specific plan provisions as entitling them to benefits. Plaintiffs allege that the Plan was either ambiguously or, in the alternative, unambiguously amended and that they are entitled to benefits. Plaintiffs also assert that the denials of benefits resulted from "incorrect interpretation of the Plan provisions, as amended, ignored ambiguities in plan provisions, . . . and failure to consider all available evidence." Amended Complaint at ¶ 58. Further, Plaintiffs assert that "[t]he failure of the Plan to pay service pension benefits to Plaintiff[s] . . . is contrary to the terms of the plan", Amended Complaint at ¶ 60, and that "[t]he Plan's denial resulted from a failure to make a uniform interpretation of the Plan, as amended, and is inconsistent with a fair reading of the Plan, as amended," Amended Complaint at ¶ 63. Finally, Plaintiffs assert that no unanticipated costs will result from an <u>interpretation</u> finding Plaintiffs eligible for benefits. Amended Complaint at ¶ 64 (emphasis added).

In light of the foregoing, the Court finds that Plaintiffs have not alleged in the Amended Complaint that this case is about anything other than the interpretation of the Plan's terms, and that the denial of benefits to Plaintiffs resulted from a defect in the administrator's interpretation of the Plan's terms. As such, the Court finds that the arbitrary and capricious standard of review applies in this case.

B.   Scope of Discovery

In *Sandoval v. Aetna Life and Cas. Ins. Co.*, 967 F.2d 377, 381 (10th Cir. 1992), the Tenth Circuit made clear that district court review of a plan administrator's discretionary decision to deny benefits does not afford an aggrieved party a "second chance" to prove entitlement to benefits. "The district court's responsibility lay in determining whether the administrator's actions were arbitrary or capricious, not in determining whether . . . , in the district court's view, [benefits should have been awarded]." *Sandoval*, 967 F.2d at 381. Therefore, "[i]n determining whether the plan administrator's decision was arbitrary and capricious, the district court generally may consider only the arguments and evidence before the administrator at the time it made that decision." *Id.* at 380; *see also Hall v. Unum Life Ins. Co. of Am.*, 300 F.3d 1197, 1201 (10th Cir. 2002).

In *Firestone Tire and Rubber Co. v. Bruch*, the Supreme Court held that "if a benefit plan gives discretion to an administrator or fiduciary who is operating under a conflict of interest, that conflict must be weighed as a 'facto[r] in determining whether there is an abuse of discretion.'" 489 U.S. 101, 115 (1989) (quoting Restatement (Second) of Trusts § 187, cmt. d (1959)). In *Chambers v. Family Health Plan Corp.*, 100 F.3d 818 (10th Cir. 1996), the Tenth Circuit noted that "a conflict of interest triggers a less deferential standard of review." *Id.* at 825. "[T]he reviewing court will always apply an arbitrary and capricious standard, but the court must decrease the level of deference

given to the conflicted administrator's decision in proportion to the seriousness of the conflict." *Id*. at 825-26. In *Fought*, the Tenth Circuit distinguished between "standard" and "inherent" conflicts of interest. Id. at 1005-06. The court first explained that

> in every case in which the plan administrator operates under a conflict of interest–or a "standard" conflict of interest case–the plaintiff is required to prove the existence of the conflict. . . . Evidence of a conflict of interest requires proof that the plan administrator's dual role jeopardized his impartiality. . . . [T]he mere fact that the plan administrator was a [company] employee is not enough per se to demonstrate a conflict. Rather, a court should consider various factors including whether: (1) the plan is selffunded; (2) the company funding the plan appointed and compensated the plan administrator; (3) the plan administrator's performance reviews or level of compensation were linked to the denial of benefits; and (4) the provision of benefits had a significant economic impact on the company administering the plan. . . . If the plaintiff cannot establish a serious conflict of interest, we consider defendant's standard conflict of interest as one factor in determining whether defendant's denial of disability benefits to plaintiff was arbitrary and capricious.

*Fought v. Unum Life Ins. Co. of America*, 379 F.3d 997, 1005 (emphasis added; internal citations and quotations omitted). The court then explained that

> [w]hen the plan administrator operates under either (1) an inherent conflict of interest . . .; (2) a proven conflict of interest; or (3) when a serious procedural irregularity exists, and the plan administrator has denied coverage, an additional reduction in deference is appropriate. Under this less deferential standard, the plan administrator bears the burden of proving the reasonableness of its decision pursuant to this court's traditional arbitrary and capricious standard. . . . In such instances, the plan administrator must demonstrate that its interpretation of the terms of the plan is reasonable and that its application of those terms to the claimant is supported by substantial evidence. The district court must take a hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest.

*Id*. at 1006 (internal citations omitted). Thus, the "sliding scale," as envisioned by the Tenth Circuit,

consists of two settings: the first setting is linked to "standard" conflicts of interest – when the sliding scale is on this setting, the district court considers the"standard" conflict as one factor among many in the traditional arbitrary and capricious analysis, and the burden of proof remains on the plaintiff to prove that the plan administrator's decision was unreasonable, *id*. at 1005; the second setting is linked to "inherent" conflicts of interest – when the sliding scale is on this setting, the district court shifts the burden from the plaintiff to the plan administrator to prove the reasonableness of its decision, and the district court takes a "hard look at the evidence and arguments presented to the plan administrator to ensure that the decision was a reasoned application of the terms of the plan to the particular case, untainted by the conflict of interest." *Id*. at 1006.

As state above, Plaintiff bears the burden of proving the existence of a conflict of interest. *Id*. at 1005. Nevertheless, in *Kaus*, the Tenth Circuit recognized "that conflict of interest of procedural irregularities will usually be apparent on the face of administrative record and therefore [a] district court rarely needs to permit discovery." *Kaus v. Standard Ins. Co.*, No.97-3378, 1998 WL 778055 at *3 (10th Cir. Nov. 5, 1998)[2] (citing *Farley v. Arkansas Blue Cross & blue Shield*, 147 F.3d 774, 776 n.4 (8th Cir. 1998)); *Spangler v. Unum Life Ins. Co. of America*, 38 F. Supp. 2d 952, 956-57 (N.D. Okla. 1999) (finding conflict apparent and discovery as to conflict of interest not necessary).

Plaintiffs assert that the Court should allow discovery outside of the administrative record because there is evidence of a conflict of interest. Specifically, Plaintiffs allege, *inter alia*, that the Plan, in determining Plaintiffs' eligibility for benefits, received evidence from a fiduciary who

---

[2]This unpublished decision is cited for its persuasive value pursuant to Tenth Circuit Rule 36.3.

voluntarily recused himself from deciding Plaintiff's claims due to a conflict of interest. The Court finds that any such conflict of interest is apparent on the face of the administrative record and that, therefore, additional discovery on the basis of conflict of interest, even if solely limited to Defendants' conflict of interest, is not necessary.

Additionally, Plaintiffs assert that additional discovery is necessary because Defendants acted in bad faith in denying Plaintiffs' claims. ERISA had been held to preempt state law bad faith claims. In *Conover* the Tenth Circuit held:

> Oklahoma's bad faith law is not saved from preemption under Employee Retirement Income Security Act because it does not "regulate[] insurance." 29 U.S.C. § 1144(b)(2)(A). Oklahoma's bad faith law is therefore preempted because "it relate[s] to an employee benefit plan" and conflicts with the Employee Retirement Income Security Act's civil enforcement scheme.

*Conover v. Aetna US Health Care, Inc.*, 320 F.3d 1076, 1080 (10th Cir. 2003). Accordingly, the Court finds Plaintiffs' bad faith claim is precluded by ERISA and, as such, warrants no additional discovery.

III. CONCLUSION

For the reasons set forth in detail above, the Court finds that the denial of benefits in this case should be reviewed under an arbitrary and capricious standard, and that Plaintiffs are not entitled to conduct discovery outside of the administrative record.

**IT IS SO ORDERED this 25th day of August, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE