**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| RUSSELL CROWE, et al., )<br>)<br>Plaintiffs, )<br>)<br>v. )<br>)<br>LUCENT TECHNOLOGIES INC. PENSION )<br>PLAN, and AVAYA INC. PENSION PLAN, a )<br>successor to the Lucent Technologies Inc. Pension )<br>Plan, )<br>)<br>Defendants. ) | Case No. CIV-04-1027-M |

**ORDER**

Before the Court is "The Avaya Plan's Motion for Judgment on the Pleadings" [docket no. 27], filed September 2, 2005.[1] On September 28, 2006, Plaintiffs filed their combined response, and on October 17, 2006, Defendant Avaya Inc. Pension Plan ("Avaya") filed its reply. Based upon the parties' submissions, the Court makes its determination.

I.   INTRODUCTION

Plaintiffs, former employees of Avaya, were participants in the Avaya Inc. Pension Plan (the "Plan"). According to the Plan, each employee who has reached a certain age and term of employment shall, under certain circumstances, be granted a service pension. Avaya/AR0233.[2] The Plan provides a Transition Leave of Absence ("TLA") which gives one (1) year of credit to some otherwise ineligible employees who are "within one year of the age and/or Term of Employment requirements" to attain eligibility for service pension benefits. Avaya/AR0280. In 2001, the Plan

---

[1]Defendant Avaya's motion applies to Plaintiffs 46-91 in the Amended Complaint. Avaya states that it has no record that Plaintiff Ralph Gonzales was ever employed with Avaya.

[2]All references in this Order to the Administrative Record will be cited as "Avaya/AR____."

was amended to provide an Enhanced Transition Leave of Absence ("ETLA")[3] which gives some otherwise ineligible employees five (5) additional years of credit toward the age "and/or" term of employment requirement for service pension eligibility. Avaya/AR0365-0366.

At the time Plaintiffs' employment ended, they did not satisfy the standard service pension eligibility threshold. Plaintiffs assert, *inter alia*, that the TLA and ETLA should be combined and that when they are so combined Plaintiffs meet the eligibility requirements for service pension benefits. Plaintiffs' claims for pension benefits were denied. Plaintiffs' appeals were also denied.

On August 19, 2004, Plaintiffs filed the instant action pursuant to the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1001, et seq., ("ERISA"). Plaintiffs allege that Avaya improperly denied their claims for service pension benefits and that said denial was arbitrary and capricious, resulted from a conflict of interest, and lacked substantial evidence. Amended Complaint ¶¶ 58-63. Plaintiffs further allege that Avaya failed to make a full and fair review of the evidence available to them in reaching their decisions. *Id*.

II.   STANDARD OF REVIEW

In an order entered August 25, 2006, the Court determined that it would review Plaintiffs' challenge to the denial of their claim for employee benefits pursuant to 29 U.S.C. § 1132(a)(1)(B) under an "arbitrary and capricious" standard.[4] Plaintiffs assert that the level of deference given to the administrator's decision should be decreased because the plan administrator operated under a conflict of interest. Where there is a conflict of interest, "the reviewing court will always apply an

---

[3]Under the Avaya plan, the ETLA is called the 5 Plus 5 Benefit. Avaya/AR0365-0366.

[4]It is undisputed that the Plan granted the administrator discretionary authority to determine eligibility for benefits and to construe the Plan's terms.

arbitrary and capricious standard, but the court must decrease the level of deference given to the conflicted administrator's decision in proportion to the seriousness of the conflict." *Chambers v. Family Health Plan Corp.*, 100 F.3d 818, 825-26 (10th Cir. 1996).

The Tenth Circuit has distinguished a "standard" conflict of interest from an "inherent" conflict of interest. *Fought v. UNUM Life Ins. Co. of Am.*, 379 F.3d 997, 1005 (10th Cir. 2004). Plaintiffs bear the burden of establishing the existence of a "standard" conflict of interest, and proving that the administrator's dual role jeopardized his impartiality. *Id*. An "inherent" conflict of interest, such as where the employer administers a self-funded plan or where the employer acts as both administrator and as funding agent, will usually be apparent on the face of the administrative record. *Id*. Where there is an "inherent" conflict of interest, a proven conflict of interest, or where a serious procedural irregularity exists, an additional reduction in deference is appropriate such that the plan administrator bears the burden of proving the reasonableness of its decision pursuant to the traditional arbitrary and capricious standard. *Id.*; *Chambers*, 100 F.3d at 825.  However, "an essential prerequisite to invoking the burden shifting approach based on a conflict of interest [is that] . . . [s]ome proof (supplied by the claimant) must identify a conflict that could plausibly jeopardize the plan administrator's impartiality." *Adamson v. UNUM Life Ins. Co. of Am.*, 455 F.3d 1209, 1213 (10th Cir. 2006) (citing *Fought*, 379 F.3d at 1005 and *Kimber v. Thiokol Corp.*, 196 F.3d 1092, 1097 (10th Cir. 1999)).

Plaintiffs assert that the plan administrator operated under a "standard" conflict of interest. In determining whether a "standard" conflict of interest exists, a reviewing court "'should consider various factors including whether: (1) the plan is self-funded; (2) the company funding the plan appointed and compensated the plan administrator; (3) the plan administrator's performance reviews

or level of compensation were linked to the denial of benefits; and (4) the provision of benefits had a significant economic impact on the company administering the plan.'" *Fought*, 379 F.3d at 1005 (quoting *Cirulis v. UNUM Corp. Serv. Plan*, 321 F.3d 1010, 1017 n.6 (10th Cir. 2003)).  Plaintiffs assert that because the plan is self-funded and because Avaya both sponsors and administers the Plan, a "standard" conflict of interest exists.  However, Plaintiffs do not demonstrate how any "standard" conflict of interest jeopardized the plan administrator's impartiality.  Accordingly, the Court finds that Plaintiffs have failed to establish a "standard" conflict of interest such that no reduction in deference, premised on the existence of any such conflict, is warranted.

Additionally, Plaintiffs assert that an "inherent" conflict of interest exists because (1) the employer acts as both plan sponsor and plan administrator, and (2) because serious procedural irregularities affected the administrator's decision.  The Tenth Circuit has held that an "inherent" conflict of interest exists where a defendant acts as both an *insurer* and as the plan administrator and not merely as sponsor and plan administrator.  *DeGrado v. Jefferson Pilot Fin. Ins. Co.*, 451 F.3d 1161, 1167 (10th Cir. 2006) (emphasis added).  The fact that the employer is the "plan sponsor" only indicates that the employer established the plan.[5]  It does not demonstrate that the employer acted as the insurer or as the funding agent of the plan, in which case "there [would be] . . . an inherent

---

[5]Under ERISA:
> [t]he term "plan sponsor" means (i) the employer in the case of an employee benefit plan established or maintained by a single employer, (ii) the employee organization in the case of a plan established or maintained by an employee organization, or (iii) in the case of a plan established or maintained by two or more employers or jointly by one or more employers and one or more employee organizations, the association, committee, joint board of trustees, or other similar group of representatives of the parties who establish or maintain the plan.

29 U.S.C. § 1002(16)(B).

conflict of interest between its discretion in paying claims and its need to stay financially sound." *Fought*, 379 F.3d at 1006 (quoting *Pitman v. Blue Cross and Blue Shield of Okla.*, 217 F.3d 1291, 1296 n.4 (10th Cir. 2000)). As such, the Court finds the mere fact that the employer is both the plan sponsor and the administrator does not establish an "inherent" conflict of interest. Additionally, even if it did, the Court finds that fact alone would not be sufficient to warrant a reduction in deference because Plaintiffs have failed to establish some proof that the conflict of interest plausibly jeopardized the administrator's decision-making. *Adamson*, 455 F.3d at 1213 ("[T]he fact that [a defendant] . . . administered and insured the group term life insurance portion of this plan does not on its own warrant a further reduction in deference.").

In support of their second proposition, that serious procedural irregularities affected the administrator's decision, Plaintiffs point to procedural irregularities in the process that lead to the amendment of the Plan's terms rather than to irregularities in the administrator's decision-making. It is the latter category of procedural irregularities that is envisioned by *Fought*. "In *Fought*, the serious procedural irregularity included the lack of an independent review in a complex case where the plan administrator operated under an inherent conflict of interest and resisted discovery on that conflict." *Grovesner v. Quest Commc'ns Int'l*, 191 Fed. Appx. 658, 662 (10th Cir. 2006).[6]

Having considered the parties' submissions, the Court finds that there is insufficient evidence of a conflict of interest. Specifically, the Court finds that Plaintiffs have not met their burden of supplying some proof of a conflict that could jeopardize the administrator's impartiality. Beyond the conclusory assertion that Avaya's interpretation of the Plan was affected by a conflict of interest,

---

[6]This unpublished opinion is cited as persuasive authority pursuant to Tenth Circuit Rule 36.3.

Plaintiffs fail to show how any such conflict of interest jeopardized the administrator's impartiality. Accordingly, the Court finds that no reduction in deference is warranted, and that the proper standard of review in the case at bar is whether Avaya's decision denying Plaintiffs' claims was arbitrary and capricious. In applying this standard of review, the Court considers the evidence before the administrator at the time he made the decision to deny benefits. *Adamson*, 455 F.3d at 1214.

> When reviewing under the arbitrary and capricious standard, [t]he Administrator['s] decision need not be the only logical one nor even the best one. It need only be sufficiently supported by facts within [his] knowledge to counter a claim that it was arbitrary or capricious. The decision will be upheld unless it is not grounded on any reasonable basis.

*Fought*, 379 F.3d at 1008 (quoting *Kimber*, 196 F.3d at 1098). "The reviewing court 'need only assure that the administrator's decision fall[s] somewhere on a continuum of reasonableness-even if on the low end.'" *Kimber*, 196 F.3d at 1098 (quoting *Vega v. Nat'l Life Ins. Servs*, 188 F.3d 287, 297 (5th Cir. 1999)).

III.   DISCUSSION

   A.   Denial of Plaintiffs' Claims

At issue in this case is whether (1) the TLA and the 5 Plus 5 Benefit should be combined to provide a total of six years of age and/or service credit towards service pension eligibility; (2) the Collective Bargaining Agreement ("CBA") governing Plaintiffs' employment created an ambiguity which lowered the eligibility requirements of the Plan's service and age requirements by an additional year; and (3) the use of the phrase "and/or" in the Plan and various other documents created an additional ambiguity that implies that a person within one year (or five in the case of the 5 Plus 5 Benefit) of either the age *or* service requirement is eligible for a service pension if the TLA

(or the 5 Plus 5 Benefit) brings age *or* service up to the threshold.

"In interpreting the terms of an ERISA plan we examine the plan documents as a whole and, if unambiguous, we construe them as a matter of law." *Chiles v. Ceridian Corp.*, 95 F.3d 1505, 1511 (10th Cir. 1996). Here, the specific plan documents at issue include the Plan and the February 19, 2001 amendment thereto, Supplement 1 to the Avaya Inc. Pension Plan (the "Supplement").

Section 4.1(a) of the Plan sets forth the eligibility requirements for service pension benefits as follows:

> Subject to the provisions set forth in this Plan, each Employee who has reached the age of 65 years and whose Term of Employment has been at least 10 years, each Employee who has reached the age of 55 years and whose Term of Employment has been at least 20 years, each Employee who has reached the age of 50 years and whose Term of Employment has been at least 25 years, and each Employee regardless of age whose Term of Employment has been at least 30 years shall, if he or she leaves the service of a Participating Company or transfer to, or immediate (i.e., on the next business day) employment or reemployment by, a company with which the Participating Companies have an Interchange Agreement if the provisions of such Interchange Agreement are applicable to such Employee, be retired from the active service, and upon such retirement, shall be granted a service pension.

Avaya/AR0233.

Section 4.3(c)(i) of the Plan provides a Transition Leave of Absence ("TLA"), which applies to certain employees who have not met the eligibility requirements, but are "within one year of the age and/or Term of Employment requirements, for a service pension under Section 4.1(a)." Avaya/AR0280. Section 4.3(c)(ii)(4) provides that "the duration of the leave will be added to the Employee's age *and* Term of Employment at the Company-specified separation date *solely* for purposes of determining eligibility for a service pension under Section 4.1(a) *and not for any other purpose under the Plan . . . .*" Avaya/AR0281 (emphasis added).

Section 1.4(a) of the Supplement sets forth the 5 Plus 5 Benefit as follows:

> A covered employee is eligible for the 5 Plus 5 Benefit if he or she is not service pension eligible under Plan Section 4.1(a) when he or she Terminates Employment and such Covered Employee is within five years of satisfying both the age and Term of Employment requirements for a service pension under Plan Section 4.1(a). A covered employee who does not satisfy this requirement when he or she Terminates Employment is not eligible for the 5 Plus 5 Benefit.

Avaya/AR00365. Section 1.4(b) of the Supplement provides in relevant part:

> On the date a Covered Employee who satisfies the requirements of Section 1.4(a) [of the Supplement] Terminates Employment, he or she shall be entitled to receive a service pension pursuant to Plan Section 4.1(a) and shall be credited with up to five additional years of age and/or an additional five years added to his or her Term of Employment to the extent necessary for the Covered Employee to be eligible for a service pension under Plan Section 4.1(a).

Avaya/AR0365-0366.

Plaintiffs assert that the TLA and the 5 Plus 5 Benefit should be combined, and that when they are so combined an employee should get the benefit of up to six years to satisfy the eligibility requirements. The plan administrator construed these provisions to mean that "in order to qualify for either the TLA or 5 Plus 5 Benefit, employees must be within one year (TLA) or five years (5 Plus 5), respectively, of satisfying the age and service requirements for a Service Pension," and determined that nothing in the Plan provided for the two benefits to be combined. Avaya/AR88-89. Since Plaintiffs were neither within one year nor within five years of satisfying the age and service requirements for a Service Pension, a fact Plaintiffs do not dispute, the plan administrator rejected Plaintiffs' assertion. The only argument Plaintiffs offer to support their contention that the two benefits should be combined is the fact that the 5 Plus 5 Benefit is a supplement to the plan and that, as such, in order to give effect to both the TLA and the 5 Plus 5 Benefit, they were entitled to the

8

5 Plus 5 Benefit and then if they were within one year of eligibility, they were entitled to an additional year under the TLA. Plaintiffs' Response at 11. Having carefully reviewed the administrative record, and the parties' submissions, the Court finds that Avaya's interpretation was a reasonable construction of the Plan's terms.

Next, Plaintiffs assert that the use of the phrase "and/or" in the Plan creates an ambiguity such that a person within one year (or five in the case of the 5 Plus 5 Benefit) of either the age *or* service requirement is eligible for a service pension if the TLA (or the 5 Plus 5 Benefit) brings age *or* service up to the threshold. Even assuming that the Plan is substantively ambiguous to the extent that it is capable of an interpretation that permits a participant to meet either the age *or* the service requirement, the Court finds that the plan administrator's conclusion that the "[u]se of the phrase 'and/or' does not create an ambiguity. The 'or' in this phrase is used to address the situation where an employee has already satisfied one of the Service Pension requirements, but needs the additional time (one year for the TLA or five years for 5 Plus 5) to satisfy the other requirement", Avaya/AR0091, was based on a good faith, reasonable interpretation of the plan documents as a whole. *See Millensifer v. Retirement Plan for Salaried Employees of Cotter Corp.*, 968 F.2d 1005, 1010 (10th Cir. 1992) (finding court must defer to retirement committee's reasonable construction absent administrative bias even where plaintiff offers rational alternative construction).

Finally, Plaintiffs assert that the Collective Bargaining Agreement ("CBA") governing Plaintiffs' employment created an ambiguity which lowered the eligibility requirements of the Plan's service and age requirements by an additional year. "Questions involving the scope of benefits provided by a plan to its participants must be answered initially by the plan documents, applying the principles of contract interpretation." *Chiles v. Ceridian Corp.*, 95 F.3d 1505, 1515 (10th Cir.

9

1996). The Court finds that the Plan documents, taken as a whole, are unambiguous and that, therefore, resort to the CBA for interpretative guidance is not necessary. *Id*. at 1511.

Having carefully reviewed the extensive administrative record, the Court finds Avaya has demonstrated that its interpretation of the terms of the Plan is reasonable and that its application of those terms to Plaintiffs is sufficiently supported by facts within its knowledge at the time the decision to deny benefits was made. Accordingly, the Court finds Avaya's decision to deny benefits was not arbitrary and capricious.

B.   Full and Fair Review

ERISA provides that employee benefit plans must "afford a reasonable opportunity to any participant whose claim for benefits has been denied for a full and fair review by the appropriate named fiduciary of the decision denying the claim." 29 U.S.C. § 1133(2). "Full and fair review" in this context means "knowing what evidence the decision-maker relied upon, having an opportunity to address the accuracy and reliability of the evidence, and having the decision-maker consider the evidence presented by both parties prior to reaching and rendering his decision." *Sage v. Automation, Inc. Pension Plan and Trust*, 845 F.2d 885, 893-94 (10th Cir. 1988) (internal quotations omitted).

In their Amended Complaint, Plaintiffs assert that the plan administrator failed to consider all available evidence, Amended Complaint, ¶ 58, and "failed to make a full and fair review of the evidence available to it in reaching its decision," Amended Complaint, ¶ 62. Plaintiffs have not asserted, nor does the record establish, (1) that they were not provided with the information relied on by the decision-maker, (2) that they were denied an opportunity to address the accuracy and reliability of such evidence, or (3) that the decision-maker failed to consider the evidence presented

prior to reaching a decision. Having reviewed the parties' submissions, the Court finds that Plaintiffs were not denied a full and fair review of the plan administrator's decision.

## IV. CONCLUSION

For the reasons set forth in detail above, the Court GRANTS "The Avaya Plan's Motion for Judgment on the Pleadings" [docket no. 27] and ORDERS that judgment be entered in favor of Defendant Avaya Inc. Pension Plan.

**IT IS SO ORDERED this 22nd day of March, 2007.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE